Appeal of **THE BANK OF HARTSVILLE.**        Docket No. 999,

Upon the evidence, *held*, that during the years involved in this appeal the taxpayer kept its books of account on the accrual basis.

Where a bank changes its method of accounting from a cash to an accrual basis, all of its accounts which are accruable must be placed on that basis and it must return as income on the new basis discount earned during the year on bills discounted in the preceding year even though it had erroneously returned such amounts as income and paid the tax thereon in such preceding year.

Submitted February 9, 1925; decided March 30, 1925.

*John H. Wilmeth, Esq.*, for the taxpayer.
*Benjamin H. Saunders, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from a determination by the Commissioner proposing an additional assessment of income and profits taxes for the year 1919 in the amount of $7,719.71; an overassessment of $3,433.85 for 1920; and an overassessment for 1921 of $561.79, or a net additional tax of $3,022.07. From the evidence presented at the hearing the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a banking corporation organized under the laws of South Carolina, and prior to the year 1919 it kept its books of account and made its returns for income taxation upon the basis of cash receipts and disbursements and reported discount on time loans as income on that basis, at the time bills were discounted.

Early in the year 1919 a majority of the stock of the taxpayer was acquired by outside interests, who assumed control of the bank and directed that thereafter the accounts of the bank should be kept on the accrual basis. The returns of the bank for the year 1919 and subsequent years were made on that basis and the tax paid accordingly, except that discount on time loans accrued in the year 1919, which had been returned as income in the year 1918 on the cash basis, was excluded in computing its net income for the year 1919. No adjustments were made in the returns for the prior years at the time of filing the return for the year 1919 under the changed method of accounting.

The income of the bank is confined to three items: (1) Interest and discount, (2) rents, and (3) exchange and collection fees. The expenses consist of (1) salaries and wages, (2) interest payable, (3) taxes, and (4) miscellaneous expenses for repairs, postage, heat and light, telephone, etc. Of the items of income, the rents are received monthly or quarterly when they become due and are not subject to accrual; the same is true with respect to exchange and collection fees, which are paid to the bank at the time the service is performed. Of the expense items, the only one which can be accrued is that of interest payable as taxes, and all other items of expense are paid during the year at the time they become due. During the years in question the income from interest and discount was accrued as it was earned,

and interest paid was credited when it became due on savings accounts, but through error was not accrued as to interest due on time certificates of deposit. This account was a small one and in 1919 amounted to $561, and in 1920 to $496.96. The omission was called to the Commissioner's attention and corrected by an amended statement.

Upon examination the Commissioner declined to accept the return upon an accrual basis, on the ground that the books of the taxpayer had not been kept on that basis, and has included as income in the respective years an amount added to reserve for unearned discount and the returns for each of the years herein were closed on a basis of cash receipts, including therein, as income, discount not received within the year.

### DECISION.

The determination of the Commissioner is disapproved, and the tax should be computed in accordance with the following opinion. The amount of the deficiency to be assessed will be settled on consent or on 10 days' notice under Rule 50.

### OPINION.

MARQUETTE: We held in *Appeal of Chatham & Phenix National Bank*, 1 B. T. A. 460, that, where the books of account of a taxpayer are kept on the basis of cash receipts and disbursements, discount on time loans not received within the taxable year does not constitute income for that year. If the Commissioner was correct in holding that this taxpayer kept its books of account on a cash basis, the determination of the deficiency is incorrect.

The first question is, What basis did the taxpayer use in keeping its books of account during the years involved herein? The facts show that the only income account which could be accrued was that of discount which the taxpayer accrued as it was earned. The only item of expense accruable was interest payable, and this latter account it accrued by crediting interest payable to savings deposits quarterly but, through error, neglected to accrue interest payable on time certificates of deposit, which error it later corrected and called to the Commissioner's attention. We think there was a *bona fide* attempt to accomplish the accrual method and that there was shown a substantial compliance with the rules of accounting in so doing, with the exception now to be noted. The difficulty arises through the change from the cash to the accrual basis, for there is a gap or hiatus between the two methods arising from the change where items of income or deductions are left out. The law requires that the method of accounting used shall clearly reflect the income, and it does not contemplate that a taxpayer shall keep its books of account partly on one basis and partly on another, for the very reason that income is not thereby correctly reflected. *Appeal of B. B. Todd, Inc.*, 1 B. T. A. 762.

In the *Chatham & Phenix National Bank Appeal, supra*, it was said:

The statute contemplates an accounting method which will correctly reflect income, and we do not doubt the reasonableness of the above regulation when the change is from a method of accounting which reflects income to another

approved method, and the Commissioner may be justified in refusing to permit a change without adjustment of prior returns. Here we have a change from a method of accounting which includes items not properly income and we do not think a change to a method which will clearly reflect income can be prevented, and the taxpayer compelled to report amounts not properly taxable as income. Whenever the bar of the statute of limitations does not prevent such action, the prior returns should be adjusted so as to show the correct income. The statute appears to have barred any adjustments herein in prior returns, but the situation is a practical one and we think the taxpayer must be permitted to place its books upon a basis which clearly reflects its income. It has adopted the accrual method for this purpose and we believe that method will accomplish the desired result when properly applied.

In the instant appeal, when the taxpayer changed its method of accounting from a cash to an accrual basis, there was left out of income on the latter basis for the year 1919 discount accrued or earned in that year upon bills discounted in 1918 which, to clearly reflect the income of the taxpayer on the accrual basis, should have been included as income in that year, and which had been erroneously returned as income for 1918, when the taxpayer was operating on a cash basis. This does not relieve it of the duty of returning as income upon an accrual basis such part thereof as accrued in 1919.

We hold that the books of account of the taxpayer during the years 1919, 1920, and 1921 were kept substantially on the accrual basis, and that the taxpayer is entitled to file its returns for income-tax purposes and to have its taxes computed on that basis.